UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEANNE ANDERSON, | Case No. 18-CV-2272 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| RUGGED RACES LLC and DENNIS RAEDEKE, INC., d/b/a Wild Mountain Recreation Area, | |
| Defendants. | |

Mara Brust, HALL LAW, P.A., for plaintiff.

Anthony J. Novak, LARSON KING, LLP, for defendants.

On October 26, 2020, the Court granted the motion for summary judgment of defendants Rugged Races LLC and Dennis Raedeke, Inc., and dismissed plaintiff Jeanne Anderson's complaint. ECF No. 78. Judgment was entered the following day, ECF No. 79, and Anderson thereafter appealed, ECF No. 81. Following entry of judgment, defendants filed a bill of costs, ECF No. 80, to which Anderson objected, ECF No. 83. On January 28, 2021, the Clerk of Court entered a cost judgment against Anderson in the amount of $18,900.61. ECF No. 88. This matter is before the Court on Anderson's motion for review of taxation of costs. ECF No. 89. For the reasons that follow, the motion is granted in part and denied in part.

Under Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Section 1920 of title 28 of the United States Code identifies the costs that may be taxed as "fees of the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). Rule 54(d) establishes a presumption that defendants are entitled to recover their costs. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). To overcome this presumption, Anderson must show that the cost judgment is "inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and quotation marks omitted).

*A. Indigence*

Anderson first argues that the Court should decline to tax costs because she is indigent. A district court may deny costs "because a plaintiff is poor." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982). But to be excused from paying costs, Anderson "must be facing dire financial circumstances," and she bears the burden of "establish[ing] indigence through affidavits or other evidence of income, assets, and schedules of expenses." *Kaplan v. Mayo Clinic*, No. 07-CV-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011). Anderson must also show that she is "not likely

to be able to pay the costs" either now or in the future.  *Svendsen v. G4S Secure Sols. (USA) Inc.*, No. 16-CV-0583 (PJS/HB), 2019 WL 277605, at *2 (D. Minn. Jan. 22, 2019) (citation and quotation marks omitted).

Anderson is a single mother and works as a nurse.  Her adjusted gross income in 2019 was $64,826.  Anderson Decl. ¶ 4, ECF No. 85.  Anderson currently has approximately $34,438.62 in assets and $67,897.96 in liabilities.  *Id.* ¶¶ 6–7.  She states that she is unable to work extra shifts in the ICU to increase her income due to her foot injury.  *Id.* ¶ 9.  Anderson also states that if she is required to pay defendants' costs, she will have to declare bankruptcy.  *Id.* ¶ 10.

The Court has sympathy for Anderson, but it cannot find that she is "indigent" as that term is used in case law regarding the taxation of costs.  Anderson's financial circumstances are difficult, but they are not nearly as bad as the financial circumstances that have been deemed "dire" by this Court in past cases.  *See Damgaard ex rel. I.L.D. v. McKennan*, No. 13-CV-2192 (SRN/JSM), 2016 WL 1718370, at *1–2 (D. Minn. Apr. 29, 2016) (declining to tax costs when child suffered from severe medical conditions and had no employment prospects and mother provided "round-the-clock care," could not get a job, and relied on welfare); *Thull v. Techtronic Indus. Co.*, No. 11-CV-2368 (PJS/LIB), 2015 WL 1021316, at *2–3  (D. Minn. Mar. 9, 2015) (declining to tax costs when plaintiff could perform only limited, occasional work due to an accident; had no assets, savings,

or retirement plan; was in debt; could not cover basic living expenses; and was at risk of losing his home); *Kaplan*, 2011 WL 3837095, at *2 (finding indigence when plaintiff "lost his ability to work due to medical procedures," had to sell his personal property, was in foreclosure, and was $550,000 in debt).  Unlike the parties in *Damgaard*, *Thull*, and *Kaplan*, Anderson is employed full-time and has a steady income.

Anderson points to the financial disparity between the defendants and her as an additional reason to deny costs.  The Eighth Circuit has not conclusively spoken on whether a large financial disparity between the winning and losing parties is a reason to decline to tax costs.  But the Eighth Circuit has regularly upheld the taxation of costs in favor of high-income parties and against low-income parties.  *See In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (costs awarded to two corporations and against residents of a small town); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) (costs awarded to federal law enforcement agents and against indigent prisoner); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (costs awarded to major corporation and against individual with "limited financial resources").  Moreover, a "clear majority of courts and commentators" have rejected the notion that a financial disparity is a justification for denying taxation of costs.  *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000); *see also Radmer v. OS Salesco, Inc.*, No. 15-CV-3177 (ADM/BRT), 2017 WL 1157095, at *1 (D. Minn. Mar. 27, 2017) ("The financial imbalance

of [the plaintiff] and [the defendant] also does not displace the presumption of awarding costs . . . ."). Therefore, the Court will not deny taxation of costs on this basis.

Even if the Court were to consider the financial disparity of the parties, Anderson "has not provided any real evidence of [defendants'] financial condition." *N. Am. Composites Co. v. Reich*, No. 15-CV-3537 (PJS/JJK), 2016 WL 4074140, at *1 (D. Minn. July 29, 2016). Anderson asserts that Rugged Races is a "well-funded, multi-million-dollar corporation that can absorb the costs." ECF No. 90 at 3. Anderson further states—without citation—that "[n]umerous news articles show that Mark Cuban . . . invested $1.75 million in Rugged Races LLC, that an investment group later made a $10.4 million investment, and that these investments have yielded substantial returns as the company has enjoyed 100% growth year-to-year." *Id.* at 3 n.3. Assuming for the sake of argument that these assertions are correct, Anderson still has not said anything about the current financial health of the company. Particularly in light of the COVID-19 pandemic—now entering its second year—Rugged Races "could be deeply in debt." *See Reich*, 2016 WL 4074140, at *1. Accordingly, the Court rejects Anderson's financial-disparity argument.

Anderson also argues that her lawsuit was not frivolous. The Court agrees—but to give substantial weight to this fact "would turn the presumption in favor of the imposition of costs on its head." *Streed v. Neuharth*, No. 12-CV-1340 (PJS/JJG), 2014 WL

2195081, at *1 (D. Minn. May 27, 2014). Indeed, "courts routinely tax costs in close cases." *Id.* (cleaned up). The fact that Anderson's lawsuit was not frivolous is not, in and of itself, a reason to avoid taxing costs.

### B. Stay of Taxation of Costs

In the alternative, Anderson asks the Court to stay taxation of costs pending the outcome of her appeal. This request is denied. The local rules do not require a stay, and neither does the case law of the Eighth Circuit or this District. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (rejecting argument that district court could not grant costs after a party appealed); *Truong v. UTC Aerospace Sys.*, No. 18-CV-0941 (PJS/BRT), 2020 WL 2731161, at *2 (D. Minn. May 26, 2020) (declining to stay taxation of costs during appeal). Moreover, judicial economy does not favor a stay. "The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh." *Kushner v. Buhta*, No. 16-CV-2646 (SRN/SER), 2019 WL 1417434, at *4 (D. Minn. Mar. 29, 2019) (citation and quotation marks omitted).

*C. Non-Taxable Costs*

Anderson next argues that three types of costs sought by defendants are not taxable under § 1920: certain costs related to copies, video depositions of Anderson's expert witnesses, and two depositions conducted in response to a motion to compel.

1. Costs Incidental to Making Copies

Anderson identifies several copy-related costs that she contends are not taxable. The relevant provision, § 1920(4), covers "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Before turning to the specifics, the Court notes that defendants did not address this objection in their response. Although defendants are "presumptively entitled to recover all of [their] costs," the costs at issue "must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017) (citation and quotation marks omitted). Indeed, the prevailing party must "*first* show that an expense is taxable under § 1920" in order to give rise to "the presumption of recoverability." *Ventura v. Kyle*, No. 12-CV-472 (RHK/JJK), 2015 WL 12826467, at *1 n.2 (D. Minn. Jan. 15, 2015). In this case, defendants used a record-retrieval company to retrieve and copy Anderson's medical, employment, and tax records. As a result, the invoices for the copies include fees for more than just "the costs of making copies," § 1920(4), and it is far from clear whether those costs are "costs

allowed by § 1920," *Stanley*, 784 F.3d at 464. Defendants have not explained why these costs are covered by the statute.

Anderson objects to the "special handling" fees for copies of various records. Since it is unclear to the Court why these fees were charged,[1] and there is no apparent statutory basis for taxing them, the Court declines to tax these "special handling" fees.[2] *See Sorin Grp. USA, Inc. v. St. Jude Med., S.C., Inc.*, No. 14-CV-4023 (JRT/HB), 2017 WL 3503360, at *7 (D. Minn. Aug. 15, 2017) ("Handling fees, on the other hand, are generally not recoverable.").

Anderson also objects to three charges associated with obtaining copies of her tax returns. First is a $7.15 charge for certified mail; the Court agrees that this charge is not taxable. *See Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 527 (8th Cir. 2020) ("Postage and delivery costs are not taxable."); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (postage is not taxable). Next are a $400 fee for "Advance -

---

[1]The invoices list "special handling" with no additional information. ECF No. 80-4 at 6–7, 9–13, 18.

[2]Anderson's objection includes a table of the special handling fees. The table is missing a special handling fee for records from La Paz Regional Hospital and also lists an incorrect amount for the special handling fee for employment records from HealthPartners. *Compare* ECF No. 90 at 6–7 (Anderson's table), *with* ECF No. 80-4 at 11–12 (invoices). Based on the Court's review of the invoices, the following special handling fees will not be taxed for the reasons already stated: $42.95 (HealthPartners), $69.95 (Elite Podiatry), $42.95 (Fairview), $42.95 (Fairview), $69.95 (La Paz), $42.95 (HealthPartners), $69.95 (Dignity), and $69.95 (Select Specialty). *See* ECF No. 80-4 at 6–7, 9–13, 18.

Document Retrieval (inc tax)" and a $39.95 "standard service" fee.[3]  ECF No. 80-4 at 17. Again, both the reason for these fees and the statutory basis for their taxation are unclear.  The Court will therefore exercise its discretion and decline to tax them.[4]

---

[3]The total charge for the IRS records was $502.59, but the balance due on the invoice was $452.59.  ECF No. 80-4 at 17.  Defendants only requested $452.59 in their bill of costs.  ECF No. 80-1 at 6.  The Clerk allowed $404.59, after removing a $48.00 finance charge.  ECF No. 88-1 at 3.  If the Court subtracted $400 for the advance document retrieval fee, $7.15 for the certified mail fee, and $39.95 for the standard service fee, the Court would credit Anderson with more than what the Clerk allowed for that invoice.  Since Anderson properly objected to everything in the invoice except the $7.49 in state and local taxes, the Court will allow $7.49 for this invoice.

[4]*See Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. 15-CV-3183 (ADM/LIB), 2019 WL 3387777, at *4 (D. Minn. July 26, 2019) ("the preparatory measures taken in pre-digital discovery to locate, collect, and review documents before producing copies [a]re not taxable"); *Bracken v. Dasco Home Med. Equip., Inc.*, No. 1:12-CV-892, 2015 WL 13757785, at *3 (S.D. Ohio Apr. 27, 2015) (determining retrieval fees and delivery charges for medical records were not taxable); *Lee ex rel. Lee v. Borders*, No. 4:09CV1977 TIA, 2013 WL 1316985, at *5 (E.D. Mo. Mar. 29, 2013) (declining to tax costs for medical records fees, research fees, police report retrieval fees, and PACER fees); *Neely v. PSEG Tex., LP*, No. MO-10-CV-030, 2012 WL 12877922, at *4 (W.D. Tex. Oct. 25, 2012) (declining to tax costs for incidental charges related to obtaining copies of employment and health records); *Morrison v. Quality Transp. Servs., Inc.*, No. 05-61757-CIV, 2007 WL 9700856, at *13 (S.D. Fla. July 5, 2007) ("[C]harges incurred in gathering or retrieving (as opposed to copying) documents may not be taxed as costs under § 1920."); *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005) (declining to tax costs for record-retrieval services).

Some courts have allowed recovery of the costs of retrieving records.  *See Yousefzadeh v. Hill-Rom Co.*, No. 17-CV-5501 (SRN/TNL), 2020 WL 2175373, at *3 (D. Minn. May 5, 2020) (taxing costs that "the medical providers charged . . . in providing the records"); *United States ex rel. Schuhardt v. Wash. Univ.*, No. 4:99-CV-1202 CEJ, 2004 WL 7334496, at *3 (E.D. Mo. Jan. 28, 2004) (taxing costs for fees paid to hospital for retrieval and copying of medical records).  In those cases, the retrieval fees
(continued...)

For these reasons, $848.70 will be deducted from the bill of costs.

2. Video Depositions

Anderson contends that the costs for video recordings of the depositions of her experts are not taxable since the costs for transcripts of those same depositions were already taxed. Anderson points out that § 1920(2) covers "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case." *Id.* (emphasis added). The Eighth Circuit has clarified, however, that notwithstanding the use of "or" in § 1920(2), the prevailing party can recover for both transcripts and videos, so long as each format was "necessarily obtained for use in [the] case." *Stanley*, 784 F.3d at 467. The issue, then, is whether both formats were necessary in this case.

Anderson contends that the videos were unnecessary because the depositions "were the discovery depositions of experts who would have been called to testify at trial, be it live or through a trial deposition." ECF No. 90 at 8. Defendants respond that, because all of Anderson's experts were potential trial witnesses, both transcripts and

---

[4](...continued)
were paid directly to the organization that possessed the records; in other words, the prevailing party had no choice but to pay the fees if it wanted to get copies of the records. Here, however, defendants used a record-retrieval service, and thus it is not clear whether the fees are for the documents (which *Yousefzadeh* and *Schuhardt* taxed) or for the use of the retrieval service (which *Yousefzadeh* and *Schuhardt* did not address and which this Court would decline to tax). Defendants have not shown that these fees are covered by § 1920(2), so there is no presumption that they are taxable, and the Court therefore declines to tax these costs.

videos were needed to "prepare for the expert's trial testimony and adequately prepare for trial if the expert became unavailable." ECF No. 93 at 6.

Defendants do not explain why both transcripts and videos were "necessary to prepare for the expert's trial testimony." *Id.* A transcript is all that an attorney needs to prepare for trial. Defendants' speculation that some of the experts might not be available for trial is "insufficient to show that" the video costs "were reasonably necessary." *Smith-Bunge v. Wis. Cent., Ltd.*, No. 15-CV-4383 (DSD/LIB), 2018 WL 2926497, at *2 (D. Minn. June 7, 2018) (declining to tax costs for video deposition based on defendant's vague assertion that plaintiff might not be able to testify at trial due to health issues); *see also Yousefzadeh v. Hill-Rom Co.*, No. 17-CV-5501 (SRN/TNL), 2020 WL 2175373, at *2 (D. Minn. May 5, 2020) (declining to tax cost of video because defendants could have had "someone read the deposition testimony into the record" if the witness was not available for trial).[5] Therefore, the Court concludes that the videos of the

---

[5] *See also Golan v. Veritas Ent., LLC*, No. 4:14-CV-00069 ERW, 2017 WL 5564538, at *6 (E.D. Mo. Nov. 20, 2017) (declining to tax costs for video deposition when "there was no indication at the time the deposition was taken [the defendant] would be unable to testify at trial"); *United States ex rel. Schuhardt v. Wash. Univ.*, No. 4:99-CV-1202 CEJ, 2004 WL 7334496, at *2 (E.D. Mo. Jan. 28, 2004) (rejecting argument that videotaped deposition was necessary when there was no indication plaintiff would not be able to testify at trial). *But see In re Chocolate Confectionary Antitrust Litig.*, No. 1:08-MDL-1935, 2015 WL 8536792, at *5 (M.D. Pa. Dec. 11, 2015) (taxing video and transcript costs for depositions of some expert witnesses because the complexity and length of the multi-district litigation might create scheduling issues); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) (allowing recovery of both
(continued...)

depositions of Anderson's experts were not necessarily obtained and declines to tax the corresponding $4,567.50 in fees.[6]

### 3. Depositions Stemming from Motion to Compel

Finally, Anderson objects to paying the costs of two depositions that were conducted after she brought a successful motion to compel. Anderson argues that the costs of the depositions of Christian Melnick (on September 4, 2019) and Brad Scudder (on October 21, 2019) "were only necessitated because of Defendants' failure to adequately prepare witnesses for the Rule 30(b)(6) deposition of Defendant Rugged Races LLC." ECF No. 90 at 9–10; *see also* Brust Decl. ¶ 7 & Ex. F, ECF No. 91. As a result, Anderson asserts that it is unfair to shift those costs to her, citing *Streed*, 2014 WL 2195081, at *1. *Streed* is at least partly distinguishable, though, as the magistrate judge in that case had specifically ordered the deposition to be "at Defendants' expense," which is not true here. *Id.* (cleaned up). That said, having reviewed the motion to compel and accompanying briefing (ECF Nos. 16, 23, 25) and Magistrate Judge Hildy Bowbeer's order (ECF No. 26), the Court concludes that it would be "inequitable under

---

[5](...continued)
transcript and video fees for depositions of select experts because the videos might be used at *Daubert* hearings or at trial).

[6]Defendants cite *Dindinger*, 853 F.3d at 432, to support their argument that both formats were necessary. In *Dindinger*, however, the Eighth Circuit upheld the award of costs for transcripts and recordings of depositions under the fee-shifting provisions of the Equal Pay Act, the Iowa Civil Rights Act, and Title VII—not § 1920. *Id.*

the circumstances" to pass the costs for these two depositions along to Anderson, *Concord Boat Corp.*, 309 F.3d at 498 (citation and quotation marks omitted). Anderson moved to compel these additional depositions because Scudder did not adequately prepare to answer questions about the construction of the obstacle at issue or about past injuries on the obstacle. *See* ECF No. 23 at 11–15, 19–20 (listing deposition topics and quoting Scudder's testimony from his first deposition); ECF No. 26 at 2 (ordering depositions on construction of obstacle and on prior injuries). As a result, $751.30 will be deducted from the bill of costs.

Anderson's motion for review of taxation of costs is therefore granted in part and denied in part. The Clerk's cost judgment is adjusted to $12,733.11.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for review of taxation of costs [ECF No. 89] is GRANTED IN PART and DENIED IN PART.

2. Costs incurred in this case by defendants are taxed against plaintiff in the amount of $12,733.11.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 10, 2021          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge